# IN THE COURT OF APPEALS OF IOWA

No. 23-1756
Filed March 5, 2025

IN RE THE MARRIAGE OF AMBER LYNN WEYDERT
AND CHRISTOPHER LEE WEYDERT

Upon the Petition of
AMBER LYNN WEYDERT,
        Petitioner-Appellee,

And Concerning
CHRISTOPHER LEE WEYDERT,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Kossuth County, John M. Sandy,

Judge.


        Christopher Weydert appeals the property-division provisions of the district

court's decree dissolving the parties' marriage. **AFFIRMED.**


        Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellee.


        Considered by Greer, P.J., and Ahlers and Badding, JJ.  Sandy, J., takes

no part.

**AHLERS, Judge.**

This is a dissolution-of-marriage case between Christopher (Chris) and Amber Weydert, who married in 2004. They have three children, all of whom were teenagers at the time of their parents' divorce trial.

Amber is a schoolteacher who left the work force to be a homemaker for several years when the couple began having children. She returned to teaching on a substitute basis in 2012 and was back to teaching full-time in 2019.

Chris was a farmer in a family farming operation with his father, uncle, and brother. The four family members involved in the farming operation conducted their business through seven entities of various types. Some entities were owned by individual family members, and some had shared ownership.

Chris struggled with alcoholism during the marriage but remained sober for about four years after completing treatment around 2017. By 2021, Chris began showing signs of mental-health issues. His behavior became manic and erratic, and he began drinking again. His behavior prompted Amber to visit their banker to address financial concerns, where she began to realize the full extent of their problems. Bills related to both the family home and the farm were not being paid. Chris had failed to pay his uncle's bills at a care center, and Chris was removed as his uncle's attorney in fact as a result. An outside consultant was brought in to help manage the finances of the family farm, and it was discovered tax returns for some of the farm corporations had not been filed as far back as 2014.

In 2022, Amber filed a petition for dissolution of marriage. Initially, Chris filed his answer through counsel but, for the remainder of the case, refused to

comply with pretrial orders or respond to discovery requests. His attorney withdrew as a result, and Chris proceeded without an attorney.

After becoming aware of Chris's mental-health issues, the district court appointed Chris a guardian ad litem (GAL), believing he lacked the capacity to meaningfully defend himself in the action. Chris's GAL made every effort to represent his interest, but Chris did not speak to her until the morning of trial. That morning, Chris was able to review a pretrial stipulation that Amber and the GAL had filed. Amber and the GAL agreed on many things, but they reserved several issues for trial. One issue was whether Chris should pay spousal support. Another was how to divide Chris's share of the jointly owned limited partnership that held all the land owned by the farming family members (the land partnership)—a share Chris received as a gift during the marriage. Although Chris did not participate in the preparation of the pretrial stipulation, he testified at trial as to his position as to values and ownership of various assets and debts listed in the stipulation.

The district court's decree resolved all issues. As pertinent to this appeal, the court found Chris to be disabled with no earning capacity, so it ordered Chris to pay minimal child support. The court declined to order Chris to pay spousal support. The court also ordered two of the farming entities in which Chris had ownership interests to be sold to Chris's father (a willing and able buyer), with the proceeds distributed to Chris and Amber, with Amber receiving the lion's share. Chris's seventeen-percent ownership in the land partnership he had received as a gift was divided such that Amber received two percent and Chris received fifteen percent.

Chris appeals. He challenges only the property division.

## I.    Standard of Review

The standard of review in dissolution-of-marriage actions is de novo.  *In re Marriage of Miller*, 966 N.W.2d 630, 635 (Iowa 2021).  We give weight to the district court's factual determinations, especially as to witness credibility, but we are not bound by them.  *Id.*  We only disturb the district court's order when there has been a failure to do equity.  *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015).

## II.    Discussion

On appeal, Chris contends the division of property was inequitable.  He claims the district erred in three ways:  (1) failing to account for marital assets he claims Amber dissipated; (2) dividing his gifted shares in the land partnership; and (3) using a speculative value for co-op dividends awarded to him.

### A.    Dissipation of Marital Assets

Chris contends Amber dissipated marital assets by transferring money from an account of one of the farm corporations Chris and Amber owned to Chris's father and the land partnership.  Chris asks that the funds be included in the marital estate and awarded to Amber at the value of the money he claims was lost.  *See In re Marriage of Kimbro*, 826 N.W.2d 696, 700–01 (Iowa 2013) (applying the dissipation doctrine when a spouse's conduct during separation results in the loss of property otherwise subject to division with the remedy of treating the value of the lost property as being owned by the spouse who wasted it).  Amber contends this issue is not preserved for our review, and we agree.

It is well established that issues must be both raised before and decided by the district court before we review them on appeal.  *UE Local 893/IUP v. State*, 928 N.W.2d 51, 60 (Iowa 2019).  And error-preservation requirements apply to

dissolution proceedings with de novo review just as they do to any other proceedings. *In re Marriage of Jennings*, No. 23-0850, 2024 WL 1551225, at *1 (Iowa Ct. App. Apr. 10, 2024). Enforcing error-preservation rules ensures we act as a reviewing court rather than as an initial fact-finding court. *Id.*

To preserve error on an issue, a party must both raise the issue and secure a ruling from the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). As to Chris's dissipation claim, he did neither. Chris suggests that some answers he gave to various questions raised the issue of Amber dissipating assets. We disagree. The district court aptly observed that Chris's testimony was erratic and hard to follow. We cannot tease a claim of dissipation from the cryptic answers Chris relies on to claim he raised the issue to the district court. But even assuming for argument's sake those answers raised the issue, the district court did not rule on it. The passages from the court's decree that Chris contends constitute a ruling on the issue do no such thing. There is simply no ruling on dissipation. Without a ruling on the issue, to preserve error, Chris was required to file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) or bring the missed issue to the district court's attention in some other manner. *See id.* at 538–39. He failed to do so. As Chris failed to preserve error on the dissipation claim, we do not consider it.

### B.      Division of Gifted Shares in the Land Partnership

We turn next to Chris's challenge to the division of the shares in the land partnership. The partnership owned 500 acres of land. In 2012, Chris received a seventeen-percent ownership share in the partnership as a gift. Around the same time, Chris's father and brother also became seventeen-percent owners. Chris's uncle owned the remaining forty-nine percent of the limited partnership shares and

all the general partnership shares. The purpose of creating the partnership was to protect the Weyderts' land from going to non-family members. Chris's brother died in 2021, and his uncle died in 2022. Chris's father inherited the shares owned by Chris's brother and uncle.

In its decree, the district court recognized that Chris's interest in the land partnership was received as a gift. Nevertheless, it awarded Amber two percent of the shares, reducing Chris's interest to fifteen percent. This amounted to Amber receiving shares worth $132,180 and Chris retaining shares worth $991,350.

Iowa Code section 598.21(6) (2022) prohibits division of gifts received by one spouse "except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage." Here, the district court applied the exception, and Chris contends this was error.

In deciding whether gifted property should be divided, courts consider the following factors: (1) the parties' contributions to the property, (2) the existence of any independent close relationship between the donor and the spouse of the one to whom the property was given, (3) separate contributions by the parties to their economic welfare to the extent they preserve the property, (4) any special needs of either party, and (5) any other reason it would be plainly unfair to a spouse or child to have the property set aside for exclusive enjoyment by the donee. *In re Marriage of McDermott*, 827 N.W.2d 671, 679 (Iowa 2013). Here, the district court considered these factors and found the first three favored Chris. But the court also noted that the special circumstances of this case could not be overlooked, and the fourth and fifth factors favored awarding some of the interest in the land partnership to Amber.

While Amber received more of the marital net worth than Chris in the division of the marital assets and debts, that calculation does not include Chris's ownership interest received via gift in the land partnership. Chris argues that because the division of the marital estate was already unequal in Amber's favor, the district court erred by further dividing his gifted ownership in the land partnership. But the district court thoroughly, thoughtfully, and fairly considered Chris's claim in reaching the decision to carve off a small portion of the gifted interest in the land partnership for Amber:

> The court will not award any [spousal support]. As will be developed in further analysis below, the court's disproportionate division of joint marital property and inherited property render any future need for alimony unnecessary. . . . To be clear, the court fashions the property distributions in such a comparatively disproportionate manner in lieu of any [spousal support]. . . .
>
> . . . .
>
> [For child support purposes], Chris's current net monthly income is $0 as he does not have the current capacity to work. Both parties have agreed and the court orders that due to Chris's lack of capacity an order for child support is not feasible nor appropriate. Chris is disabled. Accordingly, . . . an order for $100 per month is hereby entered . . .
>
> Again, because Chris has no future pros[p]ect for meaningful employment, the court has intentionally fashioned a disproportionate property distribution as outlined above so as to ensure the children's post-secondary education needs are adequately met, child support paid (the court questions whether even the minimal amount of child support will ever be paid), and foreclosure of any future [spousal support] Amber may have otherwise been entitled to but for Chris's disability.

Chris's argument claiming partial division of the land partnership interest he received as a gift is inequitable ignores the district court's decision to minimize child support and deny Amber spousal support. Amber will continue to provide for their three children, and since Chris is unable to contribute financially due to his

disability, the division of gifted property was necessary to ensure Amber and the children's support.

Property division in a dissolution of marriage requires equitable division, not necessarily equal division. *Kimbro*, 826 N.W.2d at 703. Here, the district court provided sound reasons for the less-than-equal property division. Those reasons included consideration of the fact that it declined Amber's viable claim for spousal support. *See* Iowa Code § 598.21(6)(h) (listing as a factor in the division of property "[t]he amount and duration of an order granting support payments" to the other spouse "and whether the property division should be in lieu of such payments"). Here, the unequal division of marital property and partial division of gifted property in lieu of spousal support achieved was equitable. As a result, we decline to disturb it. *See McDermott*, 827 N.W.2d at 676 (noting that we disturb a property-division ruling only when it fails to do equity).

### C. Valuation of Dividends

Chris's final challenge is to the district court's valuation of co-op dividends awarded to him. The district court valued the dividends at $61,351. Chris contends the value is speculative at best, as the dividends are not guaranteed payments. However, despite expressing some uncertainty in his testimony about the accuracy of the amount, he ultimately stated, "I won't dispute it."

On appeal, Chris contends the dividends are valueless, so by awarding the dividends to him at the inflated value of $61,351, the unequal division of property in Amber's favor is even more unequal to the point that it is inequitable. We are not persuaded. The evidence supports the $61,351 valuation, especially given Chris's admission that he "won't dispute it." And Chris's argument, much like his

argument over division of the land partnership, ignores the sizeable amount of net worth he received, the fact he is only ordered to pay a nominal amount of child support for three teenagers, and he is not obligated to pay any spousal support. Given the evidentiary support for the district court's valuation and how the district court thoughtfully balanced the property division with nominal child support and no spousal support, we find no inequity in the property division stemming from the valuation of the co-op dividends. *See id.*

## III.     Conclusion

Chris failed to preserve error on his claim that Amber dissipated marital assets. The district court achieved equitable property division by awarding to Amber some of the shares of the land partnership Chris received as a gift and in valuing the co-op dividends. When viewed in conjunction with Chris's minimal child-support obligation and the lack of a spousal-support award, equity was achieved.

**AFFIRMED.**